OLLIE WINSTON *v.* STATE.

[57 South. 545.]

INDICTMENT. *Amendment after proof.  Code* 1906, *section* 1508.

On motion of the district attorney, in order that the indictment might conform to the proof, it was permissible for the court under Code 1906, section 1508, to allow an indictment to be amended by inserting the words "and district" between the words "county" and "aforesaid," making the indictment read "in the county and district aforesaid."

APPEAL from the circuit court of Jones county.
HON. PAUL B. JOHNSON, Judge.

Ollie Winston was convicted of assault and battery with intent and appeals.

The facts are fully stated in the opinion of the court.
*R. E. Halsell,* for appellant.

We submit that the demurrer charging the indictment failed to show in what district the offense was committed, ought to have been sustained, nor do we think even before trial the indictment was amendable. There should have been another indictment, and certainly the court had no right after the defendant had been tried, to permit the district attorney to amend the indictment as was done in this case.

*Frank Johnston,* assistant attorney-general, for appellee.

There was a demurrer to the indictment, and pending the demurrer, the district attorney made a motion for leave to amend the declaration by inserting the county, so as to state the venue in the indictment.

The motion to amend followed immediately the demurrer in the record.

It seems that the amendment was made just after the testimony of W. J. Bruce, a witnesses for the state, and the amendment consisted simply in placing the name of the county in the indictment.

The order of the court, allowing the amendment, appears immediately after the indictment and cities that the order allowing the amendment was made on the motion of the district attorney.

In the motion for the new trial, the objection was made to the action of the court in permitting the amendment.

The objection to the amendment is clearly based on a mistaken conception of the law.

Section 1508, of the Code of 1906, provides in the broadest and most liberal manner, for amendments to indictments. This statute has been construed in several cases by this honorable court in which the court has allowed amendments to be made in indictments, which are clearly authority for the amendment made in this case.

In *Haywood's case,* 47 Miss., a name was changed in the indictment, and so in *Foster's case,* 52 Miss., and *Knight's case,* 64 Miss.

Section 1508, of the Code, expressly provides that the name of the county in the indictment may be changed, or added, by the amendment.

The matter of an amendment of this character is clearly technical and formal, but the place of the crime is not in dispute.

It is not shown by the record that the appellant was taken by surprise by the amendment or that his case was in any manner, prejudiced by the action of the court in this respect.

SMITH, J., delivered the opinion of the court.

Appellant was indicted and convicted in the second district of Jones county for assault and battery with intent, etc. In the body of the indictment the venue was laid "in the county aforesaid." On motion of the district attorney, and in order that the indictment might conform to the proof, the court permitted the indictment to be amended by the insertion of the words "and district" between the words "county" and "aforesaid," making the indictment read "in the county and district aforesaid." This amendment was authorized under section 1508 of the Code, which permits amendments to conform to the proof to be made in the name of any county, city, town, village, division, or any other place mentioned in such indictment.

The court committed no error in reference to the other matters complained of.

*Affirmed.*